IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATHANIEL BROWN, AP-7647,
    Petitioner,

v.                    2:12-CV-1458

STEVEN R. GLUNT, et al.,
    Respondents.

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Nathaniel Brown for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Nathaniel Brown, an inmate at the State Correctional Institution at Houtzdale has presented a petition for a writ of habeas corpus. Brown is presently challenging his re-incarceration as a convicted parole violator to serve the remainder of a five to twenty year sentence imposed by the Court of Common Pleas of Allegheny County, Pennsylvania on September 24, 1982 following his plea of guilty to charges of burglary, receiving stolen property, escape and simple assault at No. CP-8106265A.[1]

In his petition, Brown contends:

> The petitioner is not challenging the conviction as imposed by the Court of Common Pleas of Allegheny County, PA. but is challenging the Board's actions in recommitting him as a convicted parole violator after he has been recommitted as a technical parole violator where it affects time credit under 61 Pa.C.S. § 331.21a(b) and also denied him due process under the Fourteenth Amendment subjects him to double jeopardy under the Fifth Amendment and cruel and unusual punishment under the Eighth Amendment.[2]

Thus, petitioner's procedural parole history becomes critical. As noted above, the petitioner was sentenced on September 24, 1982 to a five to twenty year period of incarceration.

---

[1] See: Petition at ¶¶1-6.
[2] Id. at ¶18.

1

As set forth in the declaration of John Janis of the Pennsylvania Board of Probation and Parole,[3] and as the supporting exhibits demonstrate, following his reception into the penal system, Brown's minimum sentence was set to expire on August 12, 1988 and his maximum sentence expiration date was calculated as August 12, 2003.[4] On August 12, 1988 he was released on parole with a commitment credit of 11 months and 3 days.[5] On August 8, 1990 he was recommitted as a convicted parole violator to serve a total of 24 months backtime, and his maximum release date was set at August 8, 2005.[6] On August 8, 1992 he was paroled to a detainer with a maximum sentence expiration date of August 8, 2005.[7] Following Brown's release from custody, on November 30, 1994 he was again recommitted as a convicted parole violator to serve thirty-six months backtime with a sentence maximum expiration date of November 30, 2007.[8] Brown was again paroled to a detainer on November 30, 1994 with a November 30, 2007 maximum sentence expiration date.[9] He then absconded and on September 3, 2007 was arrested in Ohio on local charges and respondent lodged a detainer. On September 21, 2007, Brown was returned to Pennsylvania authorities and on November 2, 2007, petitioner was recommitted as a technical parole violator with a maximum sentence expiration date of March 1, 2009.[10] On March 1, 2009 he was released but as a result of other criminal offenses occurring in 2006 for which he was incarcerated on March 1, 2010, parole was again revoked and the petitioner returned to custody to serve the balance of his original sentence with an expiration date of April 15, 2019.[11]

While much of the confusion arises as a result of Brown repeatedly committing offenses while on parole, respondents set forth in their memorandum that:

> The April 15, 2019 max date reflects that: (a) Brown forfeited credit for the period he was at liberty on parole from December 11, 1998 to September 5, 2007; (b) Brown received 183 days of credit on his original sentence for the period he was incarcerated from September 5, 2007 to March 6, 2008; (c) Brown did not receive credit on his original sentence for the periods he was confined on both the

---

[3] See: Attachment A to the response.
[4] See: Exhibit 1 to the response.
[5] See: Exhibit 2 to the response.
[6] See: Exhibit 3 to the response.
[7] See: Exhibit 4 to the response.
[8] See: Exhibit 5 to the response.
[9] Id.
[10] See: Exhibit 8 to the response. We note that under Pennsylvania law, a convicted parole violator receives no credit towards his sentence for time spent on parole while a technical violator is entitled to credit for time spent on parole. 61 Pa.C.S.A. § 6138(a)(2) and (c)(2).
[11] See: Exhibits 18 and 19 to the response.

new criminal charges and the Board detainer from March 6, 2008 to March 1, 2009 or from March 26, 2009 to October 26, 2009; (d) Brown did not receive credit on his original sentence for the period he was not incarcerated on the Board detainer between March 1, 2009 and March 26, 2009 and (e) Brown became available to commence service of his original sentence again on October 26, 2009.

The challenge which Brown makes to the calculation of his sentence was the subject of an administrative appeal, and then an appeal to the Commonwealth Court which Court in a Memorandum filed on May23, 2011 wrote:

> We begin with Brown's first contention that his maximum sentence date was incorrectly calculated. Brown's primary argument in this regard stems from the effective date of his original sentence, which was calculated nearly thirty years ago. Brown argues that since he was sentenced on September 24, 1982, and received a credit of eleven months and three days, the original effective date of his sentence should have been August 27, 1981.[7] However, this Court has repeatedly held that the Department of Corrections, not the Board, is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction… Thus, we agree with Counsel that Brown's claim regarding his maximum sentence date is without merit.
>
>> 7. In his no-merit letter, Counsel noted that Brown was serving another sentence at that time and was not available to begin serving his original sentence until July 18, 1984. Counsel further noted that Brown's credit of eleven months and three days was properly applied to this date
>
> With respect to Brown's contention that he was not under Board's supervision when he committed his subsequent offense, we note that the record reveals that Brown committed his latest offenses in 2006, during the time he was on parole and under the Board's supervision. The fact that Brown may not have been taken into physical custody until 2008 is of no relevance. Thus, we agree with Counsel that this claim is without merit.
>
> Next, Brown argues that the Board failed to properly credit his period of incarceration from September 5, 2007, through March 1, 2009, which incarceration he alleges was solely on the Board's warrant. Brown did receive 183 days of credit for the period from September 5, 2007, through March 6, 2008, as a result of the Board's detainer. However, the record reveals that, on March 6, 2008, Brown was arraigned on his new criminal charges, for which he did not post bail and/or bail was denied … The law is well settled that time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for and had satisfied bail requirements for the new offense, and thus, remained incarcerated only by reason of the Board's detainer warrant … Thus, we agree with Counsel that this issue is without merit.

3

> Next, Brown contends that he did not receive adequate notice of the charges against him in preparation for his revocation hearing. However, the record reveals that Brown refused to sign the notice of charges and hearing on January 22, 2010, a fact which Brown admitted at his subsequent parole revocation hearing. Thus, we agree with Counsel that this issue is similarly without merit.
>
> Finally, Brown contends that he was denied the right to present evidence at his parole revocation hearing and that double jeopardy prevents his recommitment as a criminal parole violator following a recommitment as a technical parole violator. However, Counsel correctly notes … that Brown's failure to raise these issues during his parole revocation hearing and/or his request for administrative relief results in a waiver …
>
> Accordingly … we … affirm the Board's denial of administrative relief (citations omitted).[12]

Leave to appeal was denied by the Pennsylvania Supreme Court on December 14, 2011.[13]

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole release but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for calculating the petitioner's sentence were based on his acts of repeatedly committing offenses when on release and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

Under Pennsylvania law there is no right to parole. Roman v. DeGuglielmo, 675 F.3d 204 (3d Cir.) cert. denied 133 S.Ct. 287 (2012). In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is

---

[12] See: Exhibit 24 to the response at pp.6-8.
[13] See: Exhibit 26 to the response.

some basis for the challenged decision." As discussed above, every time the petitioner has been released he committed infractions which resulted in his re-incarceration and the petitioner has failed to demonstration any arbitrariness or capriciousness in the Board or the Department of Corrections' determination. Additionally, we note that at the time of his last commitment, Brown had only served about twelve and a half years of his twenty year maximum.[14]

In the instant case, it would appear that the petitioner is seeking to challenge Pennsylvania state law as interpreted by the agencies and courts of the Commonwealth, and their actions are not subject to review by the federal courts. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Thus, because there is no merit to the issues raised by the petitioner in that his continued incarceration is not in any manner contrary to federal law as determined by the Supreme Court, he is not entitled to relief here. 28 U.S.C. §2254(d)(1) and (2). For this reason, it is recommended that the petition of Nathaniel Brown for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

                                                                   Respectfully submitted,
                                                                   s/ Robert C. Mitchell
Filed: April 1, 2013                                  United States Magistrate Judge

---

[14] See: Choice v. Pennsylvania Board of Probation and Parole, 448 F.Supp.294 (M.D.Pa. 1977) recognizing that when an offense is committed while on parole, it is immaterial that the revocation hearing is conducted after the initial sentence expiration date.